Alex H. Chan  (SBN 278805)
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (646) 331-0604
Facsimile: (302) 353-4251
achan@devlinlawfirm.com

James M. Lennon (*pro hac vice*
application to be filed)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

*Attorneys for Plaintiff*
*Implicit, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>ZIFF DAVIS, INC. and MUDHOOK MARKETING, INC.,<br><br>        Defendants. | Case No.  2:22-cv-09453-AB-AFM<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"), for its First Amended Complaint against Defendants Ziff Davis, Inc. (referred to herein as "Ziff Davis" or "Defendant"), and Mudhook Marketing, Inc., (referred to herein as "Mudhook Marketing" or "Defendant") (individually each a "Defendant" and collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Implicit is a limited liability company organized under the laws of the State of Washington with a place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3.      Upon information and belief, Ziff Davis is a corporation organized under the laws of the State of Delaware with a place of business at 2231 South Barrington Avenue, Los Angeles, California, 90064 and at 6922 Hollywood Boulevard, Suite #500, Los Angeles, California, 90028.  Upon information and belief, Ziff Davis sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Mudhook Marketing is a corporation organized under the laws of the State of Florida with a place of business at 700 S. Flower Street, 15th Floor, Los Angeles, California, 90017.  Upon information and belief, Mudhook Marketing sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United

1  States.

2  **<u>JURISDICTION AND VENUE</u>**

3       5.      This is an action for patent infringement arising under the Patent Laws

4  of the United States, Title 35 of the United States Code.

5       6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331

6  and 1338(a).

7       7.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8       8.      This Court has personal jurisdiction over Ziff Davis under the laws of

9  the State of California, due at least to its substantial business in California and in

10  this judicial district, directly or through intermediaries, including: (i) at least a

11  portion of the infringements alleged herein; and (ii) regularly doing or soliciting

12  business, engaging in other persistent courses of conduct and/or deriving

13  substantial revenue from goods and services provided to individuals in the State of

14  California.  Venue is also proper in this District because Ziff Davis has a regular

15  and established place of business in this District.  On information and belief, Ziff

16  Davis has employees in this judicial district and maintains an office located at 2231

17  South Barrington Avenue, Los Angeles, CA 90064 and at 6922 Hollywood

18  Boulevard, Suite #500, Los Angeles, California, 90028.  (*See*

19  https://www.ziffdavis.com/locations; https://www.sugarsync.com/group/contact/.)

20       9.      This Court has personal jurisdiction over Mudhook Marketing under

21  the laws of the State of California, due at least to its substantial business in

22  California and in this judicial district, directly or through intermediaries, including:

23  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or

24  soliciting business, engaging in other persistent courses of conduct and/or deriving

25  substantial revenue from goods and services provided to individuals in the State of

26  California.  Venue is also proper in this District because Mudhook Marketing has a

27  regular and established place of business in this District.  On information and

belief, Mudhook Marketing has employees in this judicial district and maintains an office located at 700 S. Flower Street, 15th Floor, Los Angeles, California, 90017. (See https://support.sugarsync.com/hc/en-us; https://start.cortera.com/company/research/m2o8qvm7s/mudhook-marketing-inc/.)

## BACKGROUND

### The Invention

10.     Edward Balassanian is the inventor of U.S. Patent No. 7,778,966 ("the '966 patent").  A true and correct copy of the '966 patent is attached as Exhibit A.

11.     The '966 patent resulted from the pioneering efforts of Mr. Edward Balassanian (hereinafter "the Inventor") in the area of computer systems and methods to manage access to information using object attributes.  These efforts resulted in the development of a method for managing attributes of objects in a namespace and for allowing multiple views into the namespace in the early 2000s. At the time of these pioneering efforts, the most widely implemented technology used to access various data structures to locate the object and return its reference relied on namespaces utilizing predefined attributes associated with their objects and logical views of objects that corresponded to the physical organization of the namespace.  The Inventor conceived of the inventions claimed in the '966 patent as a way to improve upon these shortcomings and allow for more flexible handling of object attributes and more flexible views into the namespace.

12.     For example, as recited in claim 1 of the '966 patent, the Inventor developed a method in a computer system for synchronizing a duplicate namespace with an original namespace, the method comprising:

receiving a query specification and a view specification for one or more objects in the namespace, the view specification indicating how objects satisfying the query specification are to be organized;

identifying from the original namespace the objects that

3

match the query specification;

generating a duplicate namespace using the identified objects and the view specification;

associating the query specification and view specification with the duplicate namespace;

modifying one or more objects so that the original namespace and duplicate namespace are not synchronized;

re-identifying from the original those objects that match the query specification; and

modifying one or more objects so that the original namespace and duplicate namespace are synchronized.

13.    Because of the aforementioned advantages that can be achieved through the use of the patented invention, the '966 patent presents significant commercial value for companies like Ziff Davis and Mudhook Marketing.  Indeed, the technologies claimed in the '966 patent are used in the SugarSync platform that has at least 112,000 monthly users in 186 countries.  (*See, e.g.*, https://www.ziffdavis.com/brands/security/sugarsync.)

14.    The patented invention disclosed in the '966 patent resolves technical problems related to managing access to data structures to locate the object, particularly problems related to flexibility in the handling of object attributes and views into the namespace.  Implicit incorporates by reference its briefing in *Implicit, LLC v. Home Depot U.S.A., Inc., et al.*, No. 1:22-cv-02476-VMC, Dkt. 29 (N.D. Ga. Oct. 28, 2022) regarding the disclosures of related U.S. Patent No. 8,856,185 that are shared with the '966 patent.

15.    The claims of the '966 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '966 patent recite inventive concepts that are deeply rooted in engineering technology, and

4

overcome problems specifically arising out of how to manage attributes for and
views of objects within a namespace wherein multiple queries may be used to
access a data structure in a computer system at various levels of hierarchy.

16.    The claims of the '966 patent recite inventive concepts that are not
merely routine or conventional use of the aforementioned computer systems, but
provide a new and novel solution to specific problems related to improving data
management and access therein.

17.    And finally, the patented invention disclosed in the '966 patent does
not preempt all the ways that computer systems may be organized to improve data
access, nor does the '966 patent preempt any other well-known or prior art
technology.

18.    Accordingly, the claims in the '966 patent recite a combination of
elements sufficient to ensure that the claim in substance and in practice amounts to
significantly more than a patent-ineligible abstract idea.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,778,966

19.    The allegations set forth in the foregoing paragraphs 1 through 18 are
incorporated into this First Claim for Relief.

20.    On August 17, 2010, the '966 patent was duly and legally issued by
the United States Patent and Trademark Office under the title "Method and System
for Attribute Management in a Namespace."

21.    Implicit is the assignee and owner of the right, title and interest in and
to the '966 patent, including the right to assert all causes of action arising under
said patent and the right to any remedies for infringement of it.

22.    Upon information and belief, each Defendant has and continues to
directly infringe under 35 U.S.C. § 271(a) one or more claims of the '966 patent by
selling, offering to sell, making, using, importing and/or providing and causing to
be used products, specifically one or more data synchronization platforms, which

by way of example includes the SugarSync platform (the "Accused Instrumentalities"). (*See, e.g.,* https://www1.sugarsync.com/.)

23.     Upon information and belief, the Accused Instrumentalities perform a method in a computer system for synchronizing a duplicate namespace with an original namespace. Exemplary infringement analysis showing infringement of all elements of the method recited in claim 1 of the '966 patent is set forth in Exhibit B. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendants with respect to the '966 patent. Implicit reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '966 patent.

24.     On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

25.     Upon information and belief, since at least the time each Defendant received notice, each Defendant has induced and continues to induce others to infringe at least one or more claims of the '966 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '966 patent.

26.     Upon information and belief, Defendant Ziff Davis has been aware of the '966 patent and its infringement thereof at least as early as May 6, 2022, upon the filing of the complaint for patent infringement in Civil Action No. 6:22-cv-00460.

27.     Upon information and belief, Defendant Mudhook has been aware of the '966 patent and its infringement thereof at least as early as the filing of the Original Complaint in this action.

28.     In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '966 patent and knowledge that its acts were inducing infringement of the '966 patent since at least the date each Defendant received notice that such activities infringed the '966 patent.

29.     Upon information and belief, each Defendant is liable as a contributory infringer of the '966 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized trading platforms to be especially made or adapted for use in an infringement of the '966 patent.  The Accused Instrumentalities are a material component for use in practicing the '966 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

30.     Defendant Ziff Davis's infringement of the '966 patent is willful and deliberate, entitling Implicit to enhanced damages and attorneys' fees.

31.     Implicit has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Implicit demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Implicit demands judgment for itself and against

7

Defendants as follows:

A.    An adjudication that each Defendant has infringed the '966 patent;

B.    An award of damages to be paid by Defendants adequate to compensate Implicit for Defendants' past infringement of the '966 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    Enhanced damages for willful infringement;

D.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Implicit's reasonable attorneys' fees; and

E.    An award to Implicit of such further relief at law or in equity as the Court deems just and proper.


Dated: April 6, 2023                    By: */s/ Alex H. Chan*
                                        Alex H. Chan (SBN 278805)
                                        DEVLIN LAW FIRM LLC
                                        16219 Flamstead Drive
                                        Hacienda Heights, CA 91745
                                        Telephone: (646) 331-0604
                                        Facsimile: (302) 353-4251
                                        achan@devlinlawfirm.com

                                        James M. Lennon *(pro hac vice*
                                        application to be filed*)*
                                        DEVLIN LAW FIRM LLC
                                        1526 Gilpin Avenue
                                        Wilmington, Delaware 19806
                                        Telephone: (302) 449-9010
                                        Facsimile: (302) 353-4251
                                        jlennon@devlinlawfirm.com

                                        *Attorneys for Plaintiff*
                                        *Implicit, LLC*

8

Exhibits:
- Ex. A – '966 Patent
- Ex. B – '966 Claim Chart

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT    CASE NO. 2:22-cv-9453-AB-AFM