UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'   JS-6

| Case No.: | 2:22-cv-09453-AB-AFMx | Date: | July 3, 2023 |
|---|---|---|---|

| Title: | Implicit, LLC v. Ziff Davis, Inc. and Mudhook Marketing, Inc. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Catherine Jeang for Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] Order regarding Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 28]

Defendants Ziff Davis, Inc. and Mudhook Marketing, Inc. ("Defendants") move to dismiss the First Amended Complaint ("FAC") on several grounds including subject matter ineligibility under 35 U.S.C. § 101. ("Mot.," Dkt. No. 28). Plaintiff Implicit, LLC ("Plaintiff") filed an opposition ("Opp.," Dkt. No. 33), and Defendants filed a reply ("Reply," Dkt. No. 34). Finding these matters suitable for resolution without oral argument, the Court **VACATES** the hearing set for July 7, 2023. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Defendants' Motion.

**I.    BACKGROUND**

In this patent infringement action, Plaintiff alleges that Defendants infringe U.S. Patent No. 7,778,966 (the "'966 Patent"). (*See generally*, "Compl.," Dkt. No. 1; "FAC," Dkt. No. 23). The '966 Patent, titled "Method and System for Attribute Management in a Namespace," issued on August 17, 2010. (*See* '966 Patent.) The

patent discloses a method in a computer system for synchronizing a duplicate namespace with an original namespace. (FAC ¶ 12). Typically, namespaces utilize predefined attributes associated with their objects. The '966 Patent purports to provide more flexible handling of object attributes. (*Id*. ¶ 11). Similarly, the patent teaches flexible views into namespaces, which typically only allowed logical views of objects corresponding to the physical organization of the namespace. (*Id*.).

Plaintiff alleges that Defendants infringe at least claim 1 of the '966 Patent. (*Id*. ¶ 25.) Claim 1 of the '966 Patent is the only independent claim and recites:

> 1. A method in a computer system for synchronizing a duplicate namespace with an original namespace, the method comprising:
>
> receiving a query specification and a view specification for one or more objects in the namespace, the view specification indicating how objects satisfying the query specification are to be organized;
>
> identifying from the original namespace the objects that match the query specification;
>
> generating a duplicate namespace using the identified objects and the view specification;
>
> associating the query specification and view specification with the duplicate namespace;
>
> modifying one or more objects so that the original namespace and duplicate namespace are not synchronized;
>
> re-identifying from the original those objects that match the query specification; and
>
> modifying one or more objects so that the original namespace and duplicate namespace are synchronized.

('966 Patent, Claim 1.)

## II. LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action where the plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the Court must first assume the truth of all non-conclusory, factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009). Considering these assumptions, the Court must determine whether the complaint is "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Similarly, a court is "not bound to accept as true a legal conclusion couched as a factual allegation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In patent infringement actions, an accused infringer may move to dismiss under 35 U.S.C. § 101 on the basis that the claimed invention is ineligible for patent protection and thus the patent is invalid. In this context, the moving party "bear[s] the burden of establishing that the claims are patent-ineligible under § 101." *Modern Telecom Sys. LLC v. Earthlink, Inc.*, No. SA CV 14-0347 DOC, 2015 WL 1239992, at *7 (C.D. Cal. Mar. 17, 2015). "[I]n applying § 101 jurisprudence at the pleading stage, the Court construes the patent claims in a manner most favorable to Plaintiff." *Id*. at *8 (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014)).

## III. DISCUSSION

### a. Representativeness

As a threshold matter, the Court finds claim 1 representative and performs the § 101 analysis on claim 1. *See Content Extraction & Transmission* LLC, 776 F.3d at 1348 ("The district court, however, correctly determined that addressing each claim of the asserted patents was unnecessary" where claim 1 was "representative" because "all the claims are substantially similar and linked to the same abstract idea"). Here, the claims of the '966 Patent all relate to the data synchronization method of claim 1. *See* '966 Patent, Claims 1–5. Given the common focus, applying the *Alice* framework to claim 1 provides a representative analysis applicable to all

asserted claims. Plaintiff does not raise any meaningful distinctions to the contrary. *See Berkheimer*, 881 F.3d at 1365 ("Courts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative.")

### b. Alice Step 1: Abstract Idea

Defendants argue that the '966 Patent is invalid because its claims are directed to the abstract idea of synchronizing namespaces. (Mot. 19). Defendants further argue that the FAC and the '966 Patent specification identify shortcomings in the prior art yet the '966 Patent fails to teach a solution to address these shortcomings. (*Id*. at 21.) Typically, prior art namespaces had predefined attributes associated with their objects and logical views of objects corresponding to the physical organization of the namespace. (*Id*.) The '966 Patent purports to provide greater flexibility as to both of these features but, per Defendants, does not describe the improvements with any specificity. (*Id*.) Defendants also argue that the claims recite mental processes that can be performed in the human mind or using a pencil. (*Id*. at 23–24).

Plaintiff argues that claim 1 of the '966 Patent improves upon the prior art's shortcomings by requiring a query specification and a view specification for objects in the namespace, which allows for more flexible handling of object attributes and more flexible views into the namespace. (Opp. 11–12). Defendants reply that Plaintiff does not tie these purported improvements to the claims of the '966 Patent. (Reply 10). Defendants also argue that any claims that would improve upon the identified shortcomings were cancelled during the patent's prosecution. (*Id*.)

The relevant inquiry at step one is "to ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea." *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)). A claim is directed to an abstract idea if it "consist[s] only of 'generalized steps to be performed on a computer using conventional computer activity.'" *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1260 (Fed. Cir. 2016) (citing *TLI*, 823 F.3d at 612).

The Court finds that claim 1 of the '966 Patent is directed to the abstract idea of "synchronizing data between computer directories." The claimed invention of the '966 Patent is a computer method involving a search specification and a desired view of the output. (*See* '966 Patent). The method teaches duplicating a namespace after matching the search specification in the namespace. (*See id*.) After creating the new

namespace, the method provides for altering objects within the new namespace and synchronizing the original and new namespaces. (*See id*.). This Court previously found the idea of data synchronization abstract. *See Data Scape Ltd. v. W. Digital Corp.*, No. SACV 18-2285-DOC, 2019 WL 6391616, at *4 (C.D. Cal. July 12, 2019), *aff'd*, 816 F. App'x 461 (Fed. Cir. 2020) (finding claim directed to recognizing, extracting, and transferring data abstract).

Further, searching, duplicating, modifying, rearranging, and synchronizing data, without more, are all functions that human beings can perform mentally or using a pen and paper. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011) (finding that claimed processes that can be "performed in the human mind, or by a human using a pen and paper" abstract). The claim does not provide any additional detail with respect to how the computer systems performs the computer method. Moreover, the fact that the claim is directed to a "computer system," alone does not render the underlying method eligible. *See In re Killian*, 45 F.4th 1373, 1379–80 (Fed. Cir. 2022). Accordingly, the method is ineligible under § 101 as directed to an abstract idea.

The Court also finds that the '966 Patent does not teach an improvement in computer functionality. Plaintiff argues that patent teaches improvements – greater flexibility in handling object attributes and views in namespaces. (Opp. 11–12.) However, Plaintiff fails to tie the claim language to this improvements . *See Mentone Sols. LLC v. Digi Int'l Inc.*, No. 2021-1202, 2021 WL 5291802, at *5 (Fed. Cir. Nov. 15, 2021) (finding claim purporting to solve computer network challenge valid where "the specification informs our understanding of the claimed invention, the technological solution, and ***how the elements of the claim work together to provide that solution***") (emphasis added). Accordingly, claim 1 is directed to an abstract idea, as opposed to a technological improvement.

For the foregoing reasons, claim 1 is directed to the abstract idea of synchronizing data between computer directories.

### c.  Alice Step 2: Inventive Concept

Defendants argue that the '966 Patent teaches conventional computer operations to perform the namespace synchronization. (Mot. 12, 26). Defendants further argue that the patent does not propose any particular way to carry out the claimed steps. (*Id*. at 23). Plaintiff responds that query specifications, view specifications, and namespaces are, either alone or combined, a major departure from conventional methods. (Opp. 19). In addition, Plaintiff argues that the claimed

method is a specific implementation directed to solving the issues presented by the previously discussed shortcomings in the prior art. (*Id.* at 20–21). In response, Defendants again point out that the claims of the '966 Patent do not explain how to realize any purported improvements. (Reply at 13).

The step two inquiry considers whether the claim includes "an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention." *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021), *cert. denied*, 212 L. Ed. 2d 10, 142 S. Ct. 1113 (2022). "Where a claim is directed to an abstract idea, the claim must include additional features to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019) (citations omitted). In evaluating step two, the Court considers whether the claim limitations, either individually or as an ordered combination, teach implementing the abstract idea using something more than well-understood, routine, or conventional techniques. *See Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022). "Plausible and specific factual allegations that aspects of the claims are inventive are sufficient" to show inventiveness. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019).

The Court finds that claim 1 of the '966 Patent lacks any inventive features. The '966 Patent teaches performing the steps of the claimed computer methods using a computer system comprising conventional components and further teaches that the search query may be performed using any conventional querying language. '966 Patent at 2:49-50, 3:60-63. Generic descriptions of components and features, as in the '966 Patent, support a finding that claimed features are conventional. *See Weisner v. Google LLC*, 51 F.4th 1073, 1083 (Fed. Cir. 2022).

Additionally, Plaintiff does not point to any factual allegations in support of its argument that, when combined, the query specification, view specification, and namespace present an unconventional solution. Rather, Plaintiff points to the '966 Patent specification which merely discusses problems with the prior art, states a general need for greater flexibility, and teaches data synchronization at a high level. (*See* '966 Patent at 1:35-45, 2:39-45, and 3:10-33.) Absent any specific support, the Court finds this argument conclusory and insufficient to show that claim 1 includes any inventive features.

Finally, the Court does not find Plaintiff's argument that claim 1 is inventive because it solves a specific issue persuasive. In *Weisner*, the Court found claims eligible where they disclosed a specific way to solve an internet-centric issue

inventive. 51 F.4th at 1087–88. Here, similarly, claim 1 of the '966 Patent does not teach any specific components or operations amounting to a specific data management solution. Moreover, limiting a claim to a particular field of use does not make the claim any less abstract. *See Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258-59 (Fed. Cir. 2016).

For the foregoing reasons, claim 1 does not contain any inventive concepts that would transform the abstract idea into a patent-eligible invention.

### d. Factual Issues and Leave to Amend

A complaint that properly alleges that individual elements of a claim are not well-understood, routine, or conventional may create an issue of fact that precludes granting a § 101 challenge through a motion for judgment as a matter of law. *See Berkheimer v. HP Inc.*, 890 F.3d 1369, 1372 (Fed. Cir. 2018); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). In this case, the pleadings do not create such an issue. Plaintiff alleges only that the claims of the '966 Patent recite inventive concepts that are not merely routine or conventional. (FAC at ¶ 16). Courts disregard conclusory statements when evaluating the sufficiency of the pleadings. *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020). Pleadings alleging only that a feature improves computer operations, without explaining why, are conclusory. Accordingly, Plaintiff's allegation should be disregarded.

Additionally, Plaintiff has not presented any basis on which the FAC could be amended to address the issues raised in the Motion and discussed in this Order. Accordingly, the Motion is granted with prejudice, i.e., without leave to amend.

## IV.   CONCLUSION

Defendants' Motion to Dismiss is **GRANTED** with prejudice on the patent eligibility issue. Defendants' remaining arguments concerning the sufficiency and accuracy of the pleadings are **MOOT**.

**IT IS SO ORDERED**.