UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-09453-AB-AFM | Date: | March 26, 2024 |
|---|---|---|---|

| Title: | *Implicit, LLC v. Ziff Davis, Inc. and Mudhook Marketing, Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order Denying Defendants' Motion for Attorneys' Fees [Dkt. No. 51]**

Before the Court is Defendants Ziff Davis, Inc. and Mudhook Marketing, Inc.'s (together, "Defendants") motion for attorneys' fees. ("Motion," Dkt. No. 51.) Plaintiff Implicit, LLC ("Plaintiff") filed an opposition ("Opp.," Dkt. No. 54.) Defendants filed a reply. ("Reply," Dkt. No. 57.) Finding this matter suitable for resolution without oral argument, the Court **VACATED** the hearing set for March 15, 2024. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Defendants' Motion.

**I.     BACKGROUND**

In this patent infringement action, Plaintiff alleged that Defendants infringe U.S. Patent No. 7,778,966 (the "'966 Patent"). *See generally*, "Compl.," Dkt. No. 1. Plaintiff initially filed an action in the Western District of Texas against Ziff Davis, Inc. and another defendant, KeepItSafe, Inc. (Mot. at 7.) Plaintiff voluntarily dismissed that action, after correspondence between the parties indicated that the defendants were not proper and that venue was improper. (*Id.*) Plaintiff then brought

this action against Defendants. (*Id.*). In its July 3, 2024 Order, the Court granted Defendants' motion to dismiss, finding the '966 Patent directed to ineligible subject matter under 35 U.S.C. § 101. (*See generally* Dkt No. 42.) The Court declined to address other arguments concerning the sufficiency of the pleadings as moot. (*See id.*) Plaintiff appealed the Court's Order but later voluntarily dismissed its appeal. (*See* Dkt. Nos. 48, 49, and 50.)

Defendants now move for attorneys' fees under 35 U.S.C. § 285. (*See generally* Motion.) Defendants argue that Plaintiff's infringement position was objectively baseless, that the asserted patent was clearly invalid under § 101, that the willfulness claim was baseless, and that Plaintiff litigated this action in an unreasonable manner. (Mot. at 5–6.) Plaintiff responds that the record contains only attorney argument from Defendants with respect to these issues and disagrees that any of its positions were objectively baseless. (*See generally* Opp'n.)

## II.  LEGAL STANDARDS

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Although the Patent Act does not define "exceptional," the Supreme Court has construed it in this context to have its ordinary meaning, *i.e.*, "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Section 285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decision maker.

District courts determine whether a case is exceptional "considering the totality of the circumstances." *Id.* Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 555. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* A party must prove its entitlement to fees by a preponderance of the evidence. *Id.* at 557-58. Other relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 & n.6 (quotations omitted).

In the companion case to *Octane Fitness*, the Supreme Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014). The abuse-of-discretion standard applies to "all aspects of a district court's § 285 determination." *Id.* at 564.

## III. ANALYSIS

The Court declines to award fees—either under § 285 or its inherent powers—because this case does not "stand[] out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.

### A. Substantive Strength of Positions

First, the Court does not find Plaintiff's infringement theory objectively baseless. Defendants argue that Plaintiff's infringement position was objectively unreasonable because at least one step of the asserted method claim is performed by a user, but not the accused product. (Mot. at 12–13.) Plaintiff did not allege joint or indirect infringement (*Id.* at 13, fn.5). The Court finds Plaintiff's allegations sufficient at the pleading stage. Moreover, Defendants introduce nothing besides attorney argument supporting their position that the accused products cannot infringe this limitation. Finally, the Court did not address Defendants' motions to dismiss based on the sufficiency of the pleadings. Had it done so, Plaintiff may have amended its complaint to allege indirect infringement. Accordingly, given the stage of the case and the generous pleading standards, the Court declines to award fees based on this issue. The Court would view the situation differently if, for instance, Plaintiff persisted despite evidence that their position was not viable, an adverse claim construction, or an order finding the pleadings deficient.

Second, the Court does not find Plaintiff's decision to assert its patent objectively baseless in view of § 101. Although the Court invalidated Plaintiff's patent after applying the two-step *Alice* framework, nothing in the record suggests that Plaintiff lacked good faith in asserting that its patents remained valid. The Court disagreed with Plaintiff about whether the claims captured a purported technological improvement, but this does not transform Plaintiff's good-faith assertion into a purely frivolous patent-eligibility position.

As an initial matter, "[a] patent holder has the right to vigorously enforce its presumptively valid patent." *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213 (NRB), 2019 WL 4601741, at *4 (S.D.N.Y. Sept. 19, 2019) (alteration in original) (internal quotation marks omitted). Moreover, courts recognize that, "[g]iven the evolving state of the law, the § 101 analysis should be, and is, a difficult exercise." *Network Congestion Sols., LLC v. U.S. Cellular Corp.*, 170 F. Supp. 3d 695, 703 (D. Del. 2016). Indeed, the Federal Circuit continues to debate the § 101 framework, and the Supreme Court is considering whether to step in again. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347, 1365 (Fed. Cir. 2020) (Stoll, J., dissenting from denial of rehearing en banc) ("In the face of our unwillingness to consider patent eligibility as a full court, I grow more concerned with each passing decision that we are, piece by piece, allowing the judicial exception to patent eligibility to 'swallow all of patent law.'" (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014)); *see also Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 141 S. Ct. 2594 (May 3, 2021) (Supreme Court inviting the Acting Solicitor General to express views on whether the Court should weigh in after an evenly divided Federal Circuit was "at a loss as to how to uniformly apply § 101").

Accordingly, the Court concludes that when a patent holder makes good faith arguments concerning patent eligibility, even where those arguments turn out to be wrong, those arguments, "[c]oupled with the vagaries of the *Alice* test itself," do not render the patent eligibility position frivolous such that it supports an exceptional case finding absent evidence of bad faith. *RDPA, LLC v. Geopath, Inc.*, No. 20-cv-3573 (LJL), 2021 WL 4264060, at *2 (S.D.N.Y. Sept. 20, 2021) (declining to find case exceptional after granting motion to dismiss on patent ineligibility). Defendants here have not met their burden to show that this case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.

Third, the Court does not find Plaintiff's claim for willful infringement objectively baseless. Plaintiff indicates it did allege pre-suit notice of the patents and notice of the infringement in this action based on the previously filed Texas action. (Opp'n at 13.) The Court did not evaluate the sufficiency of the pleadings given its holding under §101. Still, even if this theory ultimately proved incorrect, the pleadings do not present an objectively baseless claim. Again, if Plaintiff persisted, despite an adverse ruling or evidence establishing the theory was baseless, the Court would view the issue differently. At present, the only information in the record suggesting Plaintiff's theory is baseless is attorney argument from Defendants. The

Court finds this insufficient to support a fee award, considering the totality of the circumstances.

### B. Unreasonable Manner of Litigation

The Court declines to find the manner in which Plaintiff litigated the Texas action warrants fees here. First, the Texas action is separate from this action and should not provide a basis for a fee award. Second, Plaintiff voluntarily dismissed the Texas action when it determined its claims were not viable. (*See* § II.) Plaintiff's decision to dismiss appears reasonable. Defendants do not argue that Plaintiff continued to litigation a non-viable claim. Rather, they argue Plaintiff's decision to dismiss came "at the last minute." (Mot. at 19.) The Court declines to find that the timing, alone, renders this action exceptional.

Additionally, it appears that Defendants played a role in extending this matter. Plaintiff asked Defendants to verify their attorney argument concerning the weaknesses in Plaintiff's allegations and Defendants repeatedly declined. (Opp'n at 18.) In other words, Plaintiff did not ignore Defendants' arguments and communications regarding the strength of the case. Defendants' refusal to verify left Plaintiff to either (1) take Defendants at face value, without evidence or (2) proceed with litigation. Plaintiff's decision to proceed with litigation does not appear unreasonable under the circumstances.

Finally, Defendants' deterrence argument is unpersuasive. The Court invalidated the asserted patent under § 101 and Plaintiff voluntarily dismissed its appeal of that ruling. (*See* § II.) Plaintiff cannot assert this patent again.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED**.